# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO IVAN ARRIAGA SANCHEZ, | Case No. 1:14-cv-02080-LJO-SAB |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | |
| KAWEAH DELTA, et al., | |
| Defendants. | |

On December 29, 2014, Plaintiff Ricardo Ivan Arriaga Sanchez filed the complaint in this action. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims and the Court dismisses the complaint with leave to amend.

**I.**

**SCREENING**

District courts may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6) if the Court gives notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion. Lee v. City of Los Angeles, 250 F.3d 668, 683 n.7 (9th Cir. 2001) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require

1

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## BACKGROUND

Plaintiff's complaint appears to name Kaweah Delta Behavioral Health, the Fresno Police Department, Fresno City College, "Visalia Local or State Court," American Ambulance, and Tulare County Social Workers as defendants ("Defendants"). Plaintiff's complaint contains little to no factual allegations explaining what these entities did or how they caused Plaintiff injury. Plaintiff two page, handwritten statement merely states that:

> To Whom It May Concern:
> The purpose of this letter is to file a criminal suit for or againts[sic] Community Behavioral Hospital (all facilities), Kaweah Delta Behavioral Health, Fresno Police Department of Fresno, (all units) Fresno City College, and Visalia Local or State Court for personal injury, intending or attempting to put in risk my life (intento de homicidio). As the holder of U status, it is without a doubt a crime, including all familiar relatives from this. I would like to include American Ambulance all units, heavily[sic] attempting several times. I would like or should mention Tulare County social workers, from Visalia, CA, ought to be on this suit.

(Compl., at pp. 2-3.)

/ / /

/ / /

/ / /

## III.

## DISCUSSION

Plaintiff's complaint fails to state any cognizable claims against the entities named as defendants in this action. Plaintiff's complaint does not identify any legal causes of action and does not allege any facts to support any cognizable cause of action. Plaintiff's complaint does not identify any injury suffered by Plaintiff and does not explain what Defendants did to cause that injury.

Furthermore, Plaintiff's complaint purports to bring criminal charges against Defendants. Whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the discretion of the prosecutor, not the court. United States v. Batchelder, 442 U.S. 114, 124 (1979). Nor do criminal statutes generally provide a private cause of action or a basis for civil liability. See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Accordingly, if Defendants have violated a criminal statute, it is generally up to the prosecutor to bring charges against Defendants. Plaintiff cannot initiate a criminal proceeding against Defendants.

The Court will grant Plaintiff an opportunity to amend his complaint. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (leave to amend freely given with extreme liberality when justice so requires). If Plaintiff opts to amend his complaint, his amended complaint must identify the legal theories or causes of action which Plaintiff is suing under and must allege facts which demonstrate how Defendants are civilly liable under those causes of action.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims.

Accordingly, it is HEREBY ORDERED that Plaintiff's complaint is DISMISSED, with leave to amend. Plaintiff's amended complaint, if any, shall be filed within thirty (30) days of

/ / /

/ / /

the date of service of this order.  If no amended complaint is filed within thirty (30) days, this action will be closed.

IT IS SO ORDERED.

Dated: **January 5, 2015**

UNITED STATES MAGISTRATE JUDGE

4